1    **WO**

2

3

4

5                         **NOT FOR PUBLICATION**

6               IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    John Buchanan,                    )    No. CV-09-0547-PHX-FJM
                                       )
10              Plaintiff,             )    **ORDER**
                                       )
11   vs.                               )
                                       )
12                                     )
     Pinal County; Haul Away Clean-Up  )
13   Services,                         )
                                       )
14              Defendants.            )
                                       )
15   _____  )

16

17
            The court has before it defendants' motion to dismiss pursuant to Rule 12(b)(1), Fed. R.
18
     Civ. P., (doc. 19), and plaintiff's response (doc. 21).  Defendants did not reply.
19
            Plaintiff is the owner of two parcels of land containing mining claims in Pinal County,
20
     Arizona (the "parcels").  Complaints were filed in the Pinal County Hearing Office against plaintiff
21
     for improper storage of commercial vehicles, inoperable or unlicensed vehicles, and scrap objects
22
     on the parcels in violation of a county zoning ordinance.  Hearings were held on May 12, 2005, and
23
     August 11, 2005, and in each case plaintiff was found to be in violation of the zoning ordinance.
24
     The Pinal County Board of Supervisors upheld the hearing officer's ruling and plaintiff was given
25
     an additional 120 days to bring the parcels into compliance.  On November 29, 2005, plaintiff
26
     appealed the decision of the Board of Supervisors and simultaneously filed a complaint against Pinal
27
     County and the Board of Supervisors in the Superior Court of Arizona in Pinal County, alleging that
28

they "deprived the Buchanans of their due process right[s]," in violation of 42 U.S.C. § 1983. Plaintiff's Response to Application for TRO, exhibit B, ¶ 54 ("Pinal lawsuit") (doc. 15). In November 2006, less than a month before the trial was to commence, the parties entered into a settlement agreement, pursuant to which plaintiff agreed to remedy the ordinance violations within 105 days, and to voluntarily dismiss the Pinal lawsuit. The agreement also provided that if plaintiff failed to comply with the terms of the settlement agreement, he would allow the entry of judgment against him, which included an abatement order and permanent injunction.

On March 5, 2007, plaintiff was found to be noncompliant with the terms of the settlement agreement, and the stipulated judgment and a permanent injunction were entered against him. The Arizona Court of Appeals affirmed the entry of the stipulated judgment on December 20, 2007. On July 27, 2007, plaintiff filed a motion for relief from final judgment and permanent mandatory injunction, arguing, among other things, that he was induced to enter into the settlement agreement by the County's fraud, misrepresentation, and bad faith misconduct. Id., exhibit E at 4, 6-8. In June, 2008, the Arizona superior court dismissed plaintiff's motion for relief from final judgment in light of plaintiff's abandonment of his claims. Id., exhibit G.

On October 7, 2008, defendants were granted a writ of execution, authorizing their entry onto the parcels in order to take remedial action. On March 24, 2009, defendant Haul Away Clean-Up Services, escorted by the Pinal County Sheriff, began removing equipment from plaintiff's property.

Plaintiff then filed the present action for injunctive and declaratory relief, and monetary damages, alleging state law claims of fraud, theft, conversion, vandalism, harassment, defamation, false light, false imprisonment, as well as deprivation of his constitutional rights under 42 U.S.C. § 1983, all relating to the settlement agreement, stipulated judgment, and removal of plaintiff's property. Defendants now move to dismiss the complaint, arguing, *inter alia,* that the action is barred by the Rooker-Feldman doctrine. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923).

The Rooker-Feldman doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments. See Reusser v. Wachovia Bank, 525 F.3d 855, 858-59 (9th Cir. 2008). The doctrine applies when a

"federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007) (quotation omitted). Rooker-Feldman applies even when the federal plaintiff does not directly contest the merits of a state court decision, as the doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." Reusser, 525 F.3d at 859 (citation omitted). A federal action is a *de facto* appeal where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Id.

Federal jurisdiction in this case rests on two counts in plaintiff's twelve-count complaint. In count seven, plaintiff broadly alleges "procedural and substantive due process and equal protection[ ]" violations. Amended Complaint ¶ 71. He makes only two factual allegations supporting his claim—that "Defendants failed to acknowledge substantial compliance with the [settlement] Agreement and have constantly changed the subjective standards in which the Plaintiff must comply," and "Defendants have interfered with Plaintiff's right to contract by tortiously interfering with Plaintiff's efforts to move equipment and property to destinations within Pima County, beyond Defendant's jurisdiction." Id.

Both of these allegations relate directly to the superior court's finding that plaintiff had not complied with the terms of the settlement agreement and challenge the propriety of the entry of the stipulated judgment. Moreover, similar challenges were raised in the state court proceeding and dismissed. See Response to Application for TRO, exhibit E at 3-4. Therefore, under Rooker-Feldman, we are without subject matter jurisdiction to consider these claims.

Count three of the amended complaint asserts that plaintiff's property was impermissibly taken without just compensation in violation of his Fifth Amendment rights. First, we conclude that plaintiff has failed to adequately state a claim for relief under § 1983.

Plaintiff alleges only that Defendants' "regulatory activity . . . constituted impermissible targeting and a taking of Plaintiff's property without any compensation." <u>Amended Complaint</u> ¶ 47. This "formulaic recitation of the elements of a cause of action" is insufficient to "state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007)).

Even assuming this claim is adequately pled for purposes of Rule 8, Fed. R. Civ. P., however, this claim must be dismissed because it also a direct challenge to the propriety of the state court's entry of judgment and writ of execution. Therefore, the claim is dismissed for lack of subject matter jurisdiction.

In further support of our dismissal under <u>Rooker-Feldman</u>, we look to plaintiff's prayer for relief in his complaint. "[W]e cannot simply compare the *issues* involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint." <u>Bianchi v. Rylaarsdam</u>, 334 F.3d 895, 900 (9th Cir. 2003). Rather "we must pay close attention to the *relief* sought by the federal-court plaintiff." <u>Id.</u> Here, plaintiff seeks (1) "injunctive and declaratory relief, as necessary to allow Plaintiff to conduct his mining business at the Property"; (2) "an order of specific performance of the express and implied agreements between the parties"; and (3) a "declaration that the Property is exempt from zoning under federal, state, and local mining claims, and grandfathered." <u>First Amended Complaint</u> at 21-22. These prayers for relief belie plaintiff's contention that he does not seek to overturn or enjoin further enforcement of the state court's judgment.

In the absence of any remaining federal claims, and in the interest of "most sensibly accommodating the values of economy, convenience, fairness, and comity," <u>O'Connor v. State of Nevada</u>, 27 F.3d 357, 363 (9th Cir. 1994) (quotation omitted), we decline to exercise supplemental jurisdiction over plaintiff's state law claims. <u>See</u> 28 U.S.C. § 1367(c)(3). Plaintiff's cause of action rightly belongs in state court where the matter has proceeded for

almost five years.  Any challenge to the execution of the writ enforcing the state court judgment is properly presented to the state court judge who issued it.[1]

**IT IS ORDERED GRANTING** defendants' motion to dismiss the complaint (doc. 19).

DATED this 14th day of August, 2009.

_Frederick J. Martone_

Frederick J. Martone
United States District Judge

---

[1]Although we need not reach the issues, we also note that plaintiff's state law claims are either also barred from review under the <u>Rooker-Feldman</u> doctrine (counts 1, 2, 4, 5, 6, 8, and 12); fail to state a claim upon which relief can be granted (count 11); or require abstention under <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746 (1971) (counts 9, and 10).